UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Wright El,  #505358 (NCDC), | ) C/A No. 3:12-17-MBS-JRM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Butch Jackson, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is an inmate at the Nash Correctional Institution of the North Carolina Department of Correction, where he is serving a life sentence for a murder and other crimes committed in Graham County (North Carolina) on June 2, 1993. He was convicted on April 11, 1996.

On March 4, 1999, in the Court of General Sessions for Charleston County, Petitioner was convicted of murder and burglary and was sentenced to life in prison. Petitioner's counsel filed a direct appeal. The Supreme Court of South Carolina affirmed the convictions and sentence in Opinion No. 2002-MO-005, which is referenced in Shearouse Advance Sheet No. 2 (Jan. 28, 2002), at page 5. After Petitioner's South Carolina convictions were entered, he was returned to the North Carolina Department of Correction to serve his life sentence for the Graham County convictions.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. Rdef1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since Petitioner is in the custody of the North Carolina Department of Correction on his convictions for murder and other crimes in Graham County, he is not "in custody" on his South Carolina convictions for murder and burglary. It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); *see also*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984).  The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court.  *Carafas v. Vallee*, 391 U.S. 234, 238 (1968);  see also *Garlotte v. Fordice*, 515 U. S. 39 (1995).

Secondly, the United States District Court for the District of South Carolina cannot issue process upon the Warden of the Nash Correctional Institution.  A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian.  See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973); *al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981);  *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979).

In *Norris v. Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana.  The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana.  *Norris v. Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973).  In reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"  *Norris v. Georgia*, 522 F.2d at 1009 n. 2.  Under the holding in *Norris v. State of Georgia*, the Warden of the Nash Correctional Institution cannot be reached by service of process issued by the United States District Court for the District of South Carolina.  *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

Moreover, the Warden of the Nash Correctional Institution cannot be served by mail from the District of South Carolina. *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2.[2]

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

### *Recommendation*

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

February 1, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

---

[2] Since Petitioner is not "in custody" with respect to his South Carolina convictions, this Court need not determine whether the Petitioner has exhausted his state court remedies or whether the Section 2254 Petition is timely.

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).